UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ROSLYN J CAESAR** | **CASE NO. 3:19-CV-00915** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LOUISIANA TECH UNIVERSITY** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the Court is Louisiana Tech University's motion to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

Because Louisiana Tech University is an arm of the State of Louisiana, a suit against it is barred by sovereign immunity. Thus, the Court lacks subject matter jurisdiction and the motion to dismiss should be **GRANTED**.

**Background**

On May 11, 2016, plaintiff Roslyn J. Caesar filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 § U.S.C. 12111, et seq. Caesar alleges she was employed by Louisiana Tech University as an Administrative Coordinator in a bookstore located on the university's campus. In May 2015, Caesar had surgery on her shoulder. Caesar was granted leave under the Family Medical Leave Act from May 29, 2015, through August 21, 2015. Following this leave, she was unable to return to work. On August 26, 2015, Caesar received a letter from Shella S. Trammel informing her that since she had not returned to work and had less than eight (8) hours of sick leave, her employment would be terminated. In

1

September 2015, plaintiff's physician informed Caesar that she could perform sedentary duties but could not otherwise return to work. Her employment was terminated effective September 14, 2015. Thereafter, Caesar properly submitted a charge of discrimination to the EEOC in 2016. By letter dated July 24, 2018, the EEOC proposed a conciliation agreement, but on September 11, 2018, EEOC issued a Notice of Conciliation Failure.

By letter dated April 23, 2019, the U.S. Department of Justice, Civil Rights Division issued a Notice of Right to Sue Within 90 Days to Caesar. The Notice advised Caesar that she had the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 § U.S.C. 1211, et seq. against Louisiana Tech.

On July 16, 2019, Roslyn J. Caesar filed the instant complaint against Louisiana Tech University, alleging that following her shoulder surgery, her doctor wrote a letter asking for light duty to prevent her from injuring her shoulder. Caesar claims that Louisiana Tech chose not to work with her on finding a suitable arrangement.

On August 23, 2019, Caesar, with the aid of counsel, filed her first amended complaint. Therein, she sought "an award for damages resulting from her lost wages from the date of her termination, such future wages as are allowed, attorney's fees, and costs, as well as any and all other relief available under either law or equity."

On October 8, 2019, Louisiana Tech filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). [doc. # 13]. On October 25, 2019, Caesar filed her memorandum in opposition to the motion to dismiss. [doc. # 15]. The matter is ripe.[1]

## Law and Analysis

---

[1] Per the notice of motion setting, Louisiana Tech had until November 1, 2019, to file a reply brief. [doc. # 14].

## I. Rule 12(b)(1) Standard.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction; therefore, the plaintiff must demonstrate that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(internal citations omitted). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchacha v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

## II. The Court lacks subject-matter jurisdiction.

### A. Sovereign immunity principles

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although, by its express terms, the Amendment "bar[s] only federal jurisdiction

3

over suits brought against one State by citizens of another State or foreign state," the Supreme Court has long held that it also precludes jurisdiction where, as here, a citizen brings suit against her own state in federal court. *See Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68, 117 S.Ct. 2028, 138 L.Ed.2d 438 (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). The core function of the Eleventh Amendment is to bar the authority of federal courts to litigate suits brought by citizens against the states. *Pace v. Bogalusa City School Board*, 403 F.3d 272, 276 (5th Cir. 2005)(en banc).

### B. Louisiana Tech is an arm of the state.

The first question is whether Caesar has sued an "arm" of the state entitled to immunity from suit. The Fifth Circuit has consistently held that the University of Louisiana System Board and the institutions under its control are "arms" of the state entitled to sovereign immunity. *See, e.g., Strong v. Grambling State Univ.*, 159 F.Supp. 3d 697, 707 (W.D. La.), aff'd 614 Fed. Appx. 776 (5th Cir. 2015)("Grambling and the UL System Board are arms of the state and are thus entitled to sovereign immunity"); *Raj v. La. State Univ*, 714 F.3d 322, 328-29 (5th Cir. 2013)(finding that the board of Louisiana State University is an arm of the state); *Laxey v. Louisiana Board of Trustees*, 22 F.3d 621 (5th Cir. 1994)(according immunity to the former University of Southwestern Louisiana). And Louisiana Tech is listed under La. R.S. §17:327(2) as an institution that passes under the supervision and management of the Board of Trustees for State Colleges and Universities, just like the other state universities the Fifth Circuit has granted immunity. *See also Bennett-Nelson v. Louisiana Bd. Of Regents.*, 431 F.3d 448, 449 ("Louisiana Tech University is a public university governed by the Board of Supervisors for the University of Louisiana System"). Thus, the undersigned finds that Louisiana Tech is an "arm" of the state.

To establish that Louisiana Tech is not an "arm" of the state, Caesar urges the Court to apply a six-factor test outlined in *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326-27 (5th Cir. 2002). Caesar contends that because Louisiana Tech receives only a small percentage of its funding from the state, it is not entitled to sovereign immunity. This is mistaken. In fact, the first factor asks the court to look at whether the state statutes and case law view the agency as an arm of the state. *Id*. The case law and state statutes are clear that Louisiana Tech is an "arm" of the state. In her brief, Caesar overlooks this point and instead exclusively focuses on the source of funding. Yet given that the Fifth Circuit has been clear that Louisiana state universities such as Louisiana Tech are entitled to sovereign immunity, the court finds the source of the funding is irrelevant as applied to Louisiana state universities.

### C. Neither exception to sovereign immunity applies.

There are two exceptions to the rule of sovereign immunity. First, a state may waive its immunity by consenting to suit. *See, e.g., Coll. Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed. 2d 605 (1999)(citing *Clark v. Barnard*, 108 U.S. 436, 447-48, 2 S. Ct. 878, 27 L.Ed. 780 (1883)). Second, Congress may abrogate state sovereign immunity pursuant to the enforcement power conferred by Section 6 of the Fourteenth Amendment. *Id*. Neither exception applies in this matter.

Louisiana, and by extension Louisiana Tech, has not consented to suit against it in federal court. *See* LSA-R.S. 13:5100 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court"). Nor has Congress abrogated state sovereign immunity for Caesar's claim under Title I of the ADA.[2] *See Board of Trustees of*

---

[2] Title I of the ADA prohibits the State and other employers from "discriminat[ing] against a qualified individual with a disability because of th[at] disability…in regard to…terms, conditions,

5

*the University of Alabama v. Garrett*, 531 U.S. 356, 364 (2001). The Supreme Court in *Board of Trustees of the University of Alabama v. Garrett* specifically held that the Eleventh Amendment bars ADA Title I claims against the states in federal court. *Id.*

Caesar claims the State of Louisiana waived sovereign immunity in the instant matter because the State does not exercise sovereign immunity over tort and contract actions. This argument is without merit. Caesar's suit is an employment discrimination claim, not a tort or contract claim. Her cause of action comes from the ADA, not her employment contract.

Therefore, because the State of Louisiana has not consented to suit in federal court, and because Congress has not abrogated the sovereign immunity of the states with respect to Title I of the ADA, Louisiana Tech, an arm of the State of Louisiana, is immune from suit in federal court. As a result, the Court must dismiss Caesar's Title I ADA claim for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** defendant Louisiana Tech University's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or

---

and privileges of employment." 42 U.S.C. § 12112(a). Caesar's claims relate to her employment at Louisiana Tech and thus fall under Title I of the ADA.

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 4th day of November 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE